IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

        v.                                 05-CR-053-C-01

LEONARD F. WATERS, JR.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Leonard F. Waters, Jr.'s supervised release was held on December 10, 2008, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney Grant C. Johnson.  Defendant was present in person and by counsel, Robert Ruth.  Also present was Senior United States Probation Officer William T. Badger, Jr.

      From defendant's stipulation and the record, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on October 26, 2005, following his conviction for possessing counterfeit securities, in violation of 18 U.S.C. § 531(a).  This offense is a Class C felony.  He was committed to the custody of the Bureau

of Prisons to serve a term of imprisonment of 12 months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $4,178.33.

Defendant began his term of supervised release on October 28, 2006, in the Northern District of Iowa. On November 30, 2007, I modified the conditions of his release by adding a special condition requiring him to perform 20 hours of community service to be completed within 60 days.

On March 14, 2007, defendant violated Standard Condition No. 1, prohibiting him from leaving the judicial district without the permission of the court or probation officer, when he traveled outside the Northern District of Iowa to Prairie du Chien, Wisconsin, without permission.

On September 17, 2007, defendant violated the mandatory condition prohibiting him from committing another federal, state, or local crime, when he drove a motor vehicle while he was barred from doing so.

Defendant violated Standard Condition No. 11 requiring him to notify the probation officer within 72 hours of law enforcement contact, after he failed to notify his supervising probation officer of his January 20, 2008, contact with a Mar-Mac Unified Law Enforcement District police officer in the Northern District of Iowa.

Defendant violated Standard Condition No. 6 requiring him to notify the probation officer within ten days prior to any change in employment, when he failed to notify his supervising probation officer that he was terminated from his employment on June 11, 2008.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.1(a)(3) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation.  Accordingly, the 36-month term of supervised release imposed on defendant on October 26, 2005, will be revoked.

Defendant's criminal history category is III.  With a Grade C violation and a criminal history category of III, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

Although defendant asked for placement in a halfway center rather than a prison, I am not persuaded that defendant is prepared to take advantage of the opportunities at a community re-entry center.  He has demonstrated an inability to be truthful and forthright with his supervising probation officer.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence within the guideline range. The intent of this sentence

is to deter defendant from future criminal acts and to provide an appropriate consequence for his violation of supervision.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 26, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of five months. No term of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 10th day of December, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge